# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

# IN AND FOR PASCO COUNTY, FLORIDA

NaDorian Hudson,
Plaintiff,
v.
Data Mortgage, Inc. dba Essex Mortgage,
Defendant.

CASE NO. [to be assigned]

# COMPLAINT

Plaintiff NaDorian Hudson ("Plaintiff") sues Defendant Data Mortgage, Inc. dba Essex Mortgage ("Defendant"), and alleges as follows:

# PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person residing in Pasco County, Florida.
2. Defendant is a corporation conducting business in Florida as Essex Mortgage.
3. Venue is proper in Pasco County, Florida, because the property at issue is located in this county.
4. The amount in controversy exceeds $50,000 exclusive of interest, costs, and attorneys' fees.

# GENERAL ALLEGATIONS

5. On or about May 16, 2023, Plaintiff entered into a mortgage transaction with GenHome Mortgage Corporation, now serviced by Defendant Essex Mortgage, concerning the real property located at 33355 Whisper Pointe Drive, Wesley Chapel, Florida 33545.
6. Plaintiff is the rightful owner of the subject property as evidenced by a recorded warranty deed.
7. Plaintiff did not receive any loan funds directly into an account controlled by Plaintiff.
8. Defendant failed to provide the federally required Notice of Right to Cancel at closing, as mandated by 15 U.S.C. § 1635, 12 C.F.R. § 1026.23(b), and Florida Statutes § 494.00792 (borrower disclosures).
9. Plaintiff exercised the right of rescission under the Truth in Lending Act by sending written notice to Defendant on February 14, 2025.

10. Defendant failed to release the lien and failed to return any payments made within 20 calendar days of receiving the rescission notice, in violation of 15 U.S.C. § 1635(b) and Florida Statutes § 701.04 (release of mortgage after satisfaction or rescission).

11. Defendant continued collection activities after receipt of the rescission notice, in violation of 15 U.S.C. § 1635(b) and Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72.

12. Defendant failed to validate the alleged debt as required under 12 U.S.C. § 2605(e) of RESPA and Florida Statutes § 559.715 (assignment of consumer debts notice requirement), including failure to supply a complete life of loan history, proof of loan disbursement, and a valid chain of title.

13. Defendant further failed to record any valid Assignment of Mortgage in Pasco County public records as required by Florida Statutes § 701.02, thereby impairing their ability to enforce the mortgage.

14. Defendant failed to produce the original wet-ink promissory note or demonstrate entitlement to enforce the instrument under UCC §§ 3-301, 3-305, and 3-309, and Florida Statutes § 673.3011, § 673.3091.

15. Defendant has not proven that the transaction qualifies as a Residential Mortgage Transaction (RMT) exempt from rescission, and no disclosure or acknowledgment of RMT status was provided to Plaintiff.

16. Plaintiff has suffered actual damages, including but not limited to financial losses totaling approximately $159,436 in payments, emotional distress, time spent pursuing legal remedies, and related harms.

## CAUSES OF ACTION

COUNT I – Enforcement of Rescission Under TILA (15 U.S.C. § 1635)

17. Plaintiff realleges all preceding paragraphs.
18. Plaintiff timely rescinded the mortgage transaction under TILA.
19. Defendant failed to comply with rescission procedures, including lien release and return of all payments.
20. Plaintiff seeks enforcement of rescission, voiding of the mortgage lien, and full return of all funds paid.
21. Under Florida Statutes § 701.04, Defendant was required to promptly cancel the mortgage of record upon rescission. Defendant failed to do so.

COUNT II – Failure to Validate Debt Under RESPA (12 U.S.C. § 2605)

22. Plaintiff realleges all preceding paragraphs.
23. Defendant failed to validate the alleged debt by producing:

a. - Life of loan payment history;

    b. - Wire transfer records proving disbursement of loan funds to an account owned by Plaintiff;
    c. - Chain of title to prove legal standing.

24. Plaintiff seeks statutory damages and declaratory relief under RESPA.

## COUNT III – Lack of Standing Under UCC §§ 3-301, 3-305, 3-309

25. Plaintiff realleges all preceding paragraphs.
26. Defendant failed to produce the original, wet-ink promissory note.
27. Defendant failed to demonstrate Holder in Due Course status.
28. Plaintiff seeks declaratory judgment barring Defendant from enforcing the alleged debt.
29. Pursuant to Florida UCC § 673.3011 and § 673.3051, Defendant must prove holder status of the original note to enforce the debt. Defendant failed to meet these statutory requirements

## COUNT IV – Failure to Provide Notice of Right to Cancel (12 C.F.R. § 1026.23(b))

30. Plaintiff realleges all preceding paragraphs.
31. Defendant failed to provide the required Notice of Right to Cancel at closing.
32. As a result, Plaintiff's right to rescind was extended to three years under TILA.
33. Defendant has not rebutted the rescission nor proven exemption as a Residential Mortgage Transaction (RMT).
34. Plaintiff seeks declaratory judgment confirming rescission was valid and effective.

## COUNT V – Declaratory Judgment (Chapter 86, Florida Statutes)

35. Plaintiff realleges all preceding paragraphs.
36. A bona fide, actual, present, and practical need for a declaration exists.
37. Plaintiff seeks a declaratory judgment that:

    a. The mortgage is void due to Defendant's failure to comply with TILA rescission procedures;
    b. Plaintiff retains full and clear ownership of the property without further obligation to Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor and:

1. Enforce Plaintiff's rescission and declare the mortgage void;
2. Order Defendant to release the lien from public record;
3. Award Plaintiff $500,000 in total damages, broken down as follows:
    - $61,000 for Plaintiff's down payment and closing costs paid at closing;
    - $159,000 for mortgage payments made under an invalid mortgage contract;

- - o   Remaining damages for emotional distress, financial hardship, harm to credit reputation, and statutory penalties under the Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA);
4. Require Defendant to remove all negative credit reporting related to the mortgage account;
5. Order Defendant to mark the mortgage as satisfied and paid in full;
6. Award costs, interest, and such other relief as the Court deems just and proper;
7. Enter an order confirming that Plaintiff retains full ownership and possession of the property without obligation to Defendant or any assignee.

Dated: April 14th 2025

Respectfully submitted,
NaDorian Hudson, MBA
33355 Whisper Pointe Dr
Wesley Chapel, FL 33545
hudson.nadorian@gmail.com
Phone: 404-247-1229

Pro Se Plaintiff